IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ITMANN COAL COMPANY,

           Petitioner,

v.                                                CIVIL ACTION NO. 2:09-mc-00051

MAGDALENE SCALF, et al.,

           Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a petition by Itmann Coal Company ("Itmann") for Enforcement of an Administrative Order or, in the alternative, Contempt Proceedings [Docket 1]. By its Petition, Itmann seeks judicial enforcement of an order from a federal administrative agency, pursuant to 33 U.S.C. § 927(b). Itmann contends that the United States Department of Labor, on August 25, 2005, ordered the respondent, Magdalene Scalf, to repay $50,913.60 for overpayments by Itmann. Ms. Scalf contends that a certification of facts is not properly before the court and the court therefore lacks jurisdiction. She also asserts that the matter is pending before an administrative law judge and that enforcing the order would be premature. For the reasons explained below, the court **DENIES** the Petition and **DISMISSES** this action for a lack of subject matter jurisdiction.

The respondent, Magdalene Scalf, is seventy-eight years old and the widow of a coal miner. After a near-forty-year career in the mines, Ms. Scalf's husband was diagnosed with coal miner's pneumoconiosis and died. On February 16, 1995, Ms. Scalf filed a notice of disability and written claim for benefits with the U.S. Department of Labor ("DOL") under the federal Coal Mine and

Safety Act, 30 U.S.C. §§ 901-945. On May 26, 1995, the DOL awarded her federal black-lung benefits, retroactive to January 1, 1995. On August 10, 2001, the Supreme Court of Appeals of West Virginia ruled that Ms. Scalf was entitled to those state workers' compensation benefits. She has apparently received monthly state benefits since November 1, 2001.

In May 2004, the DOL conducted an audit and discovered that Ms. Scalf was receiving the state benefits. As a result, the DOL ordered that Ms. Scalf's federal black-lung payments cease. Then, on August 25, 2005, the district director of the DOL's Office of Workers' Compensation (the "district director") declared that Itmann had overpaid Ms. Scalf by $50,913.60 and ordered Ms. Scalf to repay that amount to Itmann. Ms. Scalf has made several unsuccessful attempts to have the DOL reconsider its decision.

Ms. Scalf did not pay Itmann the amount stated in the DOL's August 25, 2005 order. On December 14, 2007, Itmann filed suit in the Southern District of West Virginia, seeking judicial enforcement the DOL's August 25, 2005 order. Judge Johnston denied the petition. Ruling that the court lacked subject matter jurisdiction, he concluded that the court could only have jurisdiction under 33 U.S.C. § 927(b) if the district director certified facts to the district court. *See Itmann Coal Co., v. Scalf*, 5:07-cv-00940 (S.D. W. Va. July 10, 2008).

On March 4, 2009, the district director generated a document entitled "Certification of Facts." In that document, the district director stated that Ms. Scalf had been overpaid, that she had not repaid Itmann for the overpayment, and that the DOL had ordered her to repay the amount on August 25, 2005. Itmann has now returned to district court, again seeking enforcement of the DOL's order.

Section 927(b) of Title 33 authorizes federal district courts to enforce certain orders of adminstrative agencies. That statute, in pertinent part, provides,

> If any person in proceedings before a deputy commissioner or Board disobeys or resists any lawful order or process, . . . *the deputy commissioner or Board shall certify the facts to the district court* having jurisdiction in the place in which he is sitting . . . which shall thereupon in a summary manner hear the evidence as to the acts complained of, and if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of or in the presence of the court.

33 U.S.C. § 927(b) (emphasis added). For these purposes, the operative phrase in § 927(b) is "shall certify the facts to the district court."

This language is open to two separate interpretations. The first is that the federal agency, through either a district director or an administrative law judge, may "certify" facts. Then, a party may petition the district court to enforce the administrative order. That is what Itmann seeks to do here. The district director has signed a document entitled "Certification of Facts," and Itmann has filed this document with its petition. The second interpretation would require the federal agency to not only create and sign a certification of facts, but also to actually petition the district court for enforcement. This is the interpretation advanced by Ms. Scalf. As explained below, I find the second interpretation more persuasive.

Itmann's interpretation finds some support in a decision by the Ninth Circuit, *A-Z Int'l v. Phillips*, 179 F.3d 1187, 1193 (9th Cir. 1999). In a footnote, the *Phillips* court left open the issue of who must pursue the action in district court. The court stated that "someone—the Board, the Director, or a party—must file an initial pleading with the district court which incorporates the ALJ's certified facts." *Id.* at 1194 n.9. But this interpretation runs counter to the statutory language.

Section 927(b) requires the federal agency to "certify the facts *to the district court*." This places the responsibility of seeking enforcement of the administrative order on the relevant administrative agency, not the parties. While Itmann certainly has a stake in this matter—it claims to be owed over $50,000—§ 927(b) appears concerned with providing a mechanism by which a federal agency can ensure that its rulings are complied with through judicial action. In this case, the only entity with such an interest is the DOL. The statute is silent regarding private enforcement. There is no indication that Congress intended § 927(b) to create an army of private attorneys general to enforce administrative orders.

If the DOL wants its August 25, 2005 order enforced, it must file an enforcement action in this court. Otherwise, this court lacks jurisdiction to hear this claim. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

        ENTER:       October 15, 2009

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge